UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LANE PERRODIN | CIVIL ACTION NO. 6:21-cv-02584 |
| VERSUS | JUDGE SUMMERHAYS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Before the court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, and for the reasons set forth below, it is recommended that the Commissioner's decision should be affirmed and this action should be dismissed with prejudice.

## **Administrative Proceedings**

The claimant, Lane Perrodin, fully exhausted his administrative remedies before initiating this action. He filed an application for disability insurance benefits, alleging disability beginning on July 16, 2018,[1] which was denied.[2] He then requested a hearing, which was held on March 11, 2021, before Administrative Law Judge Steven Rachal.[3] In his decision of April 16, 2021, the ALJ concluded that Mr.

---

[1]   Rec. Doc. 8-1 at 201.

[2]   Rec. Doc. 8-1 at 103.

[3]   Rec. Doc. 8-1 at 44-88.

Perrodin was not disabled within the meaning of the Social Security Act from the alleged disability onset date through the date of the decision.[4] Mr. Perrodin asked the Appeals Council to review the ALJ's decision, but the Appeals Council found no basis for review.[5] Therefore, the ALJ's decision became the final decision of the Commissioner for the purpose of the Court's review.[6] Mr. Perrodin now seeks judicial review of the Commissioner's decision.

## Summary of Pertinent Facts

Mr. Perrodin was born on April 20, 1969,[7] and was 52 years old at the time of the ALJ's decision. He obtained a high school equivalency diploma in 1987,[8] served in the United States Navy,[9] and worked as a crane mechanic and crane technician.[10] He alleged that he has been disabled since July 16, 2018 due to depression; anxiety; degenerative joint disease in the back and neck; nephropathy from a pinched nerve in his neck; diabetes; elevated blood pressure, cholesterol, and triglycerides; torn meniscus; herniated disc in his lower back; failure to adapt; sleep apnea; recurring

---

[4] Rec. Doc. 8-1 at 14-31.

[5] Rec. Doc. 8-1 at 5.

[6] *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005).

[7] Rec. Doc. 8-2 at 92.

[8] Rec. Doc. 8-1 at 225.

[9] Rec. Doc. 8-1 at 51.

[10] Rec. Doc. 8-1 at 85, 225.

nightmares; and tinnitus with hearing loss.[11] Mr. Perrodin now seeks reversal of the Commissioner's adverse ruling.

## Analysis

### A. Standard of Review

Judicial review of the Commissioner's denial of disability benefits is limited to determining whether substantial evidence supports the decision and whether the proper legal standards were used in evaluating the evidence.[12] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[13] If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed.[14] Courts must refrain from reweighing the evidence or substituting their judgment for that of the Commissioner.[15] Conflicts in the evidence[16] and credibility assessments[17] are resolved by the Commissioner, not the

---

[11] Rec. Doc. 8-1 at 92-93.

[12] *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

[13] *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

[14] 42 U.S.C. § 405(g); *Martinez v. Chater*, 64 F.3d at 173.

[15] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Villa v. Sullivan*, 895 F.2d at 1022.

[16] *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

[17] *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

courts. Four types of proof are weighed by the court in determining whether substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education, and work experience.[18]

**B.    Entitlement to Benefits**

The Disability Insurance Benefit ("DIB") program provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[19] A person is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[20] A claimant is disabled only if his physical or mental impairment or impairments are so severe that he is unable to not only do his previous work, but cannot, considering his age, education, and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant

---

[18]    *Wren v. Sullivan*, 925 F.2d at 126.

[19]    See 42 U.S.C. § 423(a).  See, also, *Smith v. Berryhill*, 139 S.Ct. 1765, 1772 (2019).

[20]    42 U.S.C. § 1382c(a)(3)(A).

lives, whether a specific job vacancy exists, or whether the claimant would be hired if he applied for work.[21]

C. **Evaluation Process and Burden of Proof**

A sequential five-step inquiry is used to determine whether a claimant is disabled, which considers whether the claimant (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment enumerated in the relevant regulations; (4) is able to do the kind of work he did in the past; and (5) can perform any other work.[22]

Before going from step three to step four, the claimant's residual functional capacity[23] is evaluated, by determining the most the claimant can still do despite his physical and mental limitations based on all relevant evidence in the record.[24] The claimant's residual functional capacity is used at the fourth step to determine if he can still do his past relevant work and at the fifth step to determine whether he can adjust to any other type of work.[25]

---

[21] 42 U.S.C. § 1382c(a)(3)(B).

[22] 20 C.F.R. § 404.1520; *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018).

[23] 20 C.F.R. § 404.1520(a)(4).

[24] 20 C.F.R. § 404.1545(a)(1).

[25] 20 C.F.R. § 404.1520(e).

The claimant bears the burden of proof on the first four steps; at the fifth step, however, the Commissioner bears the burden of showing that the claimant can perform other substantial work in the national economy.[26] This burden may be satisfied by reference to the Medical-Vocational Guidelines of the regulations, by expert vocational testimony, or by other similar evidence.[27] If the Commissioner makes the necessary showing at step five, the burden shifts back to the claimant to rebut this finding.[28] If the Commissioner determines that the claimant is disabled or not disabled at any step, the analysis ends.[29]

**D.**     **The ALJ's Findings and Conclusions**

In this case, the ALJ determined, at step one, that the claimant has not engaged in substantial gainful activity since July 16, 2018.[30] This finding is supported by substantial evidence in the record.

At step two, the ALJ found that the claimant has the following severe impairments: degenerative disc disease, osteoarthritis, obesity, diabetes mellitus

---

[26] *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016); *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

[27] *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

[28] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Fraga v. Bowen*, 810 F.2d at 1302.

[29] 20 C.F.R. § 404.1520(a)(4); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), cert. den. 914 U.S. 1120 (1995) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)).

[30] Rec. Doc. 8-1 at 16.

type II, hypertension, major depressive disorder, and generalized anxiety disorder.[31] Mr. Perrodin did not challenge this finding.

At step three, the ALJ found that the claimant has no impairment or combination of impairments that meets or medically equals the severity of a listed impairment.[32] Mr. Perrodin did not challenge this finding.

The ALJ found that the claimant has the residual functional capacity to perform light work except for the following: occasional climbing of ramps and stairs; never climbing ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching, or crawling; frequent handling, fingering, or feeling; additionally, the ALJ found that Mr. Perrodin can understand, remember, and carry out simple instructions and tasks for two-hour blocks of time, can have no more than occasional work-required interaction with the public or coworkers, and can tolerate changes in the workplace that are infrequent and gradually introduced.[33] The claimant challenged the ALJ's residual functional capacity finding.

At step four, the ALJ found that the claimant is not capable of performing any past relevant work.[34] Mr. Perrodin did not challenge this finding.

---

[31] Rec. Doc. 8-1 at 16.

[32] Rec. Doc. 8-1 at 17.

[33] Rec. Doc. 8-1 at 21.

[34] Rec. Doc. 8-1 at 29.

At step five, the ALJ found that the claimant was not disabled from July 16, 2018 (the alleged disability onset date) through April 16, 2021 (the date of the decision) because there are jobs in the national economy that he can perform. The claimant challenged this finding, arguing that he lacks the residual functional capacity to persist in any of the jobs identified by the vocational expert.

### E. The Allegations of Error

Mr. Perrodin contends that the ALJ erred in evaluating his residual functional capacity, arguing that his impairments preclude him from persisting in any of the jobs identified by the vocational expert and relied upon by the ALJ in finding him not disabled.

### F. The ALJ's Assessment of Mr. Perrodin's Residual Functional Capacity

A residual functional capacity assessment "is a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record."[35] The ALJ is responsible for determining a claimant's residual functional capacity.[36] In making such a finding, the ALJ must consider all of the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the

---

[35] *Perez v. Barnhart*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)).

[36] *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

claimant's ability to work despite any physical and mental limitations.[37] The ALJ must consider the limitations and restrictions imposed by all of the claimant's impairments, even those that are not severe.[38]

In this case, the ALJ found that Mr. Perrodin had a variety of severe impairments but remained capable of performing a modified range of light duty work. Mr. Perrodin argued that the ALJ's assessment of his residual functional capacity was erroneous because the ALJ failed to find that that he was able to persist in the jobs identified by the vocational expert on which the ALJ relied. This Court understands Mr. Perrodin's argument to be a claim that he is unable to work on a regular and continuing basis.

As defined by the Social Security Administration, a residual functional capacity finding is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.[39] The term "regular and continuing basis" generally means eight hours per day, five days per week.[40] In making a residual functional capacity determination,

---

[37] *Martinez v. Chater*, 64 F.3d at 176.

[38] *Giles v. Astrue*, 433 Fed. App'x 241, 245 (5th Cir. 2011) (citing 20 C.F.R. § 404.1545(e)).

[39] Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, Social Security Rule 96-8p, 1996 WL 374184, at *1.

[40] SSR 96-8p, 1996 WL 374184, at *1.

9

the ALJ is required to evaluate the claimant's functional limitations, explain how the evidence supports his conclusions about those limitations, and discuss the claimant's ability to perform sustained work activities on a regular and continuing basis.[41] The Fifth Circuit has specifically rejected the contention that an ALJ must, in every decision, articulate a separate and explicit finding that a claimant can maintain a job on a sustained basis.[42] Such a finding is necessary only when the claimant's "ailment waxes and wanes in its manifestation of disabling symptoms."[43] In all other cases, even when the claimant alleges that an impairment causes good days and bad days,[44] "the claimant's ability to maintain employment is subsumed in the RFC [residual functional capacity] determination."[45]

Mr. Perrodin did not point out any evidence in the record supporting his contention that he cannot sustain employment. He argued that the "entire record supports testimony of Mr. Perrodin as to the difficulties that he suffers from which would support the argument that he could not persist in any of the jobs identified by

---

[41] SSR 96-8p, 1996 WL 374184, at *1.

[42] *Castillo v. Barnhart*, 151 Fed. App'x 334, 336 (5th Cir. 2005) (citing *Frank v. Barnhart*, 326 F.3d at 619 and *Perez v. Barnhart*, 415 F.3d at 465).

[43] *Perez v. Barnhart*, 415 F.3d at 465 (quoting *Frank v. Barnhart*, 326 F.3d at 619).

[44] *Perez v. Barnhart*, 415 F.3d at 465.

[45] *Perez v. Barnhart*, 415 F.3d at 465.

the Judge."[46] But "[i]t is not the court's responsibility to scour the record looking for evidence to support a party's arguments."[47] In his briefing, Mr. Perrodin also directed the court to a brief written by his prior counsel.[48] But arguments of counsel, even those summarizing a claimant's medical history, are not evidence and a claimant's statements about his symptoms, standing alone, are insufficient to establish disability.[49] Instead, a claimant's "subjective complaints must be corroborated at least in part by objective medical testimony."[50]

In this case, Mr. Perrodin did not argue that his medical conditions wax and wane nor did he allege that he can work for short periods of time but cannot hold a job over an extended period of time; instead, he appeared to contend that he cannot work at all. He did not offer any evidence that his conditions wax and wane in frequency or intensity such that his ability to maintain employment was not adequately taken into account in the ALJ's residual functional capacity determination nor did he present any evidence that he could only work temporarily at any particular level of exertion. When there is no substantial evidence showing

---

[46] Rec. Doc. 9 at 2.

[47] *Courtney B. v. Kijakazi*, No. 4:19-CV-04525, 2021 WL 4243512, at *8 n. 12 (S.D. Tex., Sept. 17, 2021) (citing *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)).

[48] Rec. Doc. 9 at 1.

[49] 20 C.F.R. § 404.1529(a).

[50] *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

that the claimant's impairments limit his work to short intervals, or that his impairments wax and wane in a way that completely prevents employment, the ALJ's determination that the claimant is able to maintain employment is subsumed in the residual functional capacity definition.[51] Accordingly, the ALJ was not required to make a separate, specific finding concerning Mr. Perrodin's ability to work on a regular and continuing basis.[52] Instead, the ALJ's residual functional capacity assessment implicitly included a finding that Mr. Perrodin was capable of sustaining employment.

Finally, the ALJ's failure to make an explicit finding about Mr. Perrodin's ability to work on a regular and continuing basis did not prejudice him and was, at most, a harmless error. To be considered capable of performing light work, a person must be able to lift twenty pounds at a time, to frequently lift or carry objects weighing up to ten pounds, to walk or stand a good deal, or if sitting most of the time, to push and pull arm or leg controls over the course of an eight-hour workday.[53] Mr. Perrodin identified no evidence in the record – aside from his own subjective complaints – establishing that he is not able to do those things on a regular and

---

[51]  *Anderson v. Kijakazi*, No. 4:20-cv-04083, 2021 WL 5908435, at *3 (S.D. Tex. Dec. 14, 2021).

[52]  *Anderson v. Kijakazi*, 2021 WL 5908435, at *3.

[53]  20 C.F.R. § 416.967.

continuing basis.  Mr. Perrodin did not cite any record provisions or legal authority in support of his position.  Furthermore, Mr. Perrodin cited nothing in the record to explain how the ALJ's conclusions were deficient, nor did he point out any specific evidence that he claims the ALJ failed to consider.  In sum, Mr. Perrodin failed to cite objectively reliable evidence in the record to establish that his alleged impairments resulted in functional limitations that wax and wane or that preclude him from working on a regular and continuous basis.  Accordingly, Mr. Perrodin has not met his burden of showing that his alleged impairments impacted his physical or mental ability to sustain work activity.  Therefore, the ALJ's failure to make an explicit finding in that regard did not prejudice Mr. Perrodin and does not require reversal of the Commissioner's decision or remand of this action.

## **Conclusion and Recommendation**

For the reasons fully discussed above, this Court recommends that the Commissioner's decision should be AFFIRMED and this matter should be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

13

receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[54]

Signed in Lafayette, Louisiana, this 1st day of April 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[54] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).